HARRIS COMPANY, PLAINTIFFS AND APPELLEES, *v.* BARBOSA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt.

No. 1907.—Decided January 31, 1919.

ATTORNEY FEES—COSTS—CONFESSION OF JUDGMENT—APPEARANCE.—When a defendant, believing that he is exercising the right given by section 358 *et seq.* of the Code of Civil Procedure, appears for the sole purpose of confessing judgment and such judgment is entered against him and no hardship is worked on the plaintiff, the allowance of counsel fees is against the spirit of the acts of 1908 and 1917 relating to costs and attorney fees, as they do not allow attorney fees when the defendant fails to appear.

The facts are stated in the opinion.
*Mr. Luis Mendín* for the appellant.
*Mr. Manuel Benítez Flores* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Barbosa owed the John B. Harris Co. the sum of $984.18 which he refused to pay and the Harris Co. sued Barbosa and attached the goods of the latter. Thereupon Barbosa came into court and thinking he was proceeding under section 358 *et seq.* of the Code of Civil Procedure, consented that judgment be rendered against him and after a struggle obtained leave of the court to deposit the amount of the judgment, interest and five dollars for costs.

The appellee filed a memorandum of costs which included other items that were disallowed by the court. After a number of preliminary efforts on both sides, the final order of the court recited that the consignation of the amount of judgment, interest and costs made by appellant was well done, but ordered that defendant pay to the complainant the sum of $250 for counsel fees. The appeal relates solely to the award of $250.

Now while the appellee insists that other sums ought to have been paid by the appellant for costs or otherwise, the said appellee has not appealed and it must be conclusively presumed that the order of the court, so far as it operates against said appellee, was final and well done. In other words, that the appellant in the court below did deposit the due amount of costs.

Under the laws of 1908 and 1917 with respect to costs and fees, no fees are allowed if defendant does not appear. Technically, defendant perhaps made an appearance, but in the outcome, given the court's final orders, the only difficulty occasioned to the complainant was caused by the latter's attempting to claim matters which were finally disallowed by the court. Nothing but a literal construction of an appearance would give the court a discretion to award counsel fees, and when the sole object of a defendant is to submit to the judgment and pay, the award of counsel fees is going against the spirit of the laws of 1908 and 1917. Hence we find that

no counsel fees should have been awarded in this case, even if the court had a discretion, and the order appealed from must be modified and the attachment released.

*Affirmed in part.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.